**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT PINSKY,<br><br>        Petitioner,<br><br>v.<br><br>DAVID E. ORTIZ,<br><br>        Respondent. | Civil Action No. 21-20375 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on Petitioner Robert Pinsky's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Following an order to answer, the Government filed responses to the petition (ECF Nos. 6-7), to which Petitioner did not reply. For the reasons expressed below, Petitioner's habeas petition is denied.

**I.     BACKGROUND**

  Petitioner is a convicted federal prisoner currently imprisoned in Fort Dix following his conviction related to a conspiracy involving the sale of stolen vehicles. (ECF No. 1 at 1; ECF No. 6-2 at 79.) In his habeas petition, filed in December 2021, Petitioner seeks to challenge his continued confinement in Fort Dix in light of the then still ongoing COVID-19 pandemic. (ECF No. 1 at 1.) Petitioner's habeas petition was scant on details as to why Petitioner felt himself to be overly susceptible to COVID-19, and instead merely focuses on the virus itself, the number of cases at Fort Dix, and Petitioner's vague fears as to the virus's risk to him. (ECF No. 1 at 2-3.)

The only medical issue Petitioner mentions is "lumps on his body" which Petitioner believes could be cancerous, but Petitioner provides no basis for his presumption that the lumps represent a serious medical issue other than his own fears. (*Id.* at 4.) However, Petitioner did not file any administrative remedy requests prior to filing his habeas petition. (*See* ECF No. 6-1 at 3.) Although Petitioner did file a procedurally improper request for compassionate release with the BOP's regional office after filing this matter, that request was dismissed until Petitioner first seeks review through the prison and its warden, steps required prior to an appeal to a regional office. (*Id.* at 2-3.)

While the record is sparse as to Petitioner's medical history, the record is replete with steps taken by the BOP in general and Fort Dix specifically to curb the threat COVID-19 posed to inmates at the prison. Such measures include adopting detailed quarantine procedures for the ill, new transfers, and those exposed to the virus; staff and prison entrant health screenings; restrictions on access to the prison by non-essential outside personnel; contact tracing; the provision of masks and other protective equipment to inmates and staff; increased cleaning of the prison and especially high traffic areas; the provision of COVID vaccines to inmates and staff; increased opportunities for social distancing; operating the prison well below capacity; and increased opportunities for home confinement for especially vulnerable individuals. (*See* ECF No. 6-2 at 1-17.) Indeed, Petitioner himself was offered, but declined, both the Pfizer and Moderna COVID-19 vaccines in August 2021 and January 2022. (*Id.* at 19.) The record thus makes clear that the prison took substantial steps to mitigate the risks of COVID-19 to inmates in general and for Petitioner in particular.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III. DISCUSSION

In his habeas petition, Petitioner seeks his release based on his fear of contracting COVID-19. Before reaching the merits of that claim, however, the Court first notes that the record indicates that Petitioner failed to exhaust his administrative remedies before filing his petition in this matter. Habeas petitioners are normally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Here, Petitioner had available remedies through the BOP's institutional remedy system, and chose not to pursue those remedies prior to filing his habeas petition. As Petitioner has not shown that exhaustion would have been futile, and the BOP did have in place mechanisms for requesting home confinement and other forms of relief in light of COVID-19 (*see*

3

ECF No. 6-2 at 10-19) and it fully appears exhaustion would not be futile in this case, that failing alone requires that his habeas petition be dismissed at this time.

Although Petitioner's failure to exhaust alone is sufficient to warrant the dismissal of this matter, Petitioner's COVID-19 related claim faces several additional hurdles. In the ordinary course, a conditions of confinement claim, such as a claim asserting dangerous prison conditions or inadequate medical care, may not be raised through a habeas petition and is instead available only through a civil rights matter. *See, e.g., Suggs v. B.O.P. Cent. Office*, No. 08-3613, 2008 WL 2966740, at *3-4 (D.N.J. July 31, 2008). Although the Third Circuit held in *Hope v. Warden York County Prison*, 972 F.3d 310, 324 (3d Cir. 2020), that the then pressing COVID-19 pandemic warranted the use of a habeas challenge by non-criminal detainees who sought their release based on their conditions of confinement, the court of appeals has yet to apply that same reasoning to prisoners serving criminal detention, either prior to or after a conviction, and courts in this district have been reluctant to do so in the face of alternative avenues for relief available to such prisoners – including compassionate release requests. *See Goodchild v. Ortiz*, No. 21-790, 2021 WL 3914300, at *15-16 (D.N.J. Sept. 1, 2021) (collecting cases).

Even assuming Petitioner could raise a claim like that recognized in *Hope* as a convicted prisoner, he still has not shown a valid basis for relief under such a claim. In *Hope*, the Third Circuit held that even under the Fourteenth Amendment standard applicable to civil detainees, which is at least as if not more protective than that applicable to convicted prisoners under the Eighth Amendment, *see Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003), courts must defer to the expertise of prison officials in their responses to the risks posed by COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response" and courts cannot mechanically apply constitutional rules to new factual scenarios and make a constitutional violation out of good faith efforts to control the unforeseeable risks

4

posed by a novel virus. *Hope*, 972 F.3d at 325-29. The Third Circuit thus held that where a detention facility has taken significant, concrete steps towards addressing the threat of COVID-19, the threat of the virus in and of itself will not be sufficient to render a detainee's conditions of confinement so punitive as to create a basis for release even in the absence of a conviction. *Id.* at 327-29.

The *Third Circuit* in *Hope* similarly found that medical claims premised on the risk of COVID-19 may only proceed where a prisoner shows that officials were deliberately indifferent to the prisoner's medical needs. *Id.* at 329; *see also Natale*, 318 F.3d at 581-82. Such a claim requires allegations which indicate that the defendants "knew of and *disregarded* an excessive risk to [the plaintiff's] health and safety." *Hope*, 972 F.3d at 329. As the Third Circuit explained, "[t]he context of the Government's conduct is essential to determine whether it shows the requisite deliberate indifference," and in evaluating this context a reviewing court must defer to the expertise of both medical officials and jail administrators, and not assume a constitutional defect where concrete action has been taken in response to the COVID-19 pandemic as constitutional rules "are not subject to mechanical application *in unfamiliar territory*." *Id.* at 329-30 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998)). Thus, where prison officials take concrete steps aimed at mitigating the threat posed by the virus, and did not otherwise refuse to treat the infected, a prisoner will fall "well short of establishing that the Government was deliberately indifferent toward [his] medical needs" in light of the virus even though the detaining officials cannot entirely "eliminate all risk" of contracting COVID-19, notwithstanding even serious pre-existing medical conditions which may exacerbate a COVID-19 infection should one occur. *Id.* at 330-31.

In this matter, Petitioner provides little to no information as to why he believes he is at special risk should he contract COVID-19, and Petitioner provides no clear medical need to which prison officials have not responded other than lumps which Petitioner fears, without diagnosis or

other basis, may be cancerous rather than another medical ailment. In contrast, the prison has provided ample evidence that it has taken great lengths to curb the threat of COVID-19 to prisoners in general and to Petitioner specifically. As it is clear that the prison has taken significant action to curtail the threat of COVID-19, and Petitioner has failed to show that prison officials were deliberately indifferent to any diagnosed or obvious medical need, he has failed to show a basis for release under *Hope. Id.* at 327-31. Thus, even were his claim not barred for lack of exhaustion, and even if his claim were cognizable in habeas as a convicted prisoner, Petitioner has failed to set forth a meritorious claim for relief, and his petition must be denied as a result.

## IV.     CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DENIED.** An order consistent with this Opinion will be entered.

                                                                                                        */s/ Karen M. Williams*
                                                                                                 Hon. Karen M. Williams,
                                                                                                  United States District Judge